UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.

GREG GEORGAS,

    Plaintiff,

vs.

BLACKBERRY LIMITED, et al.,

    Defendants.

### DEFENDANTS BLACKBERRY LIMITED AND BLACKBERRY CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants BlackBerry Limited and BlackBerry Corporation (collectively "BlackBerry Defendants"), by and through their counsel, remove this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending as Case No. CACE-13-024373. The specific grounds for removal are as follows:

### I.    BACKGROUND

1. On November 1, 2013, Plaintiff Greg Georgas ("Plaintiff") filed a complaint against the BlackBerry Defendants and various other defendants in the Seventeenth Judicial Circuit in and for Broward County, Florida, in a case styled as *Georgas v. BlackBerry Limited, et al.*, Case No. CACE-13-024373 (the "State Court Action").

2. Plaintiff asserts two claims for alleged violations of the Florida Securities and Investor Protection Act, Fla. Stat. § 517.011 et seq. (the "Act"). Plaintiff alleges that he purchased 280,000 shares of BlackBerry Limited stock for $3,148,317.36 and later sold those shares for a $863,396.01 loss. He seeks to recover his alleged losses under the Act. A true and

correct copy of the civil cover sheet and complaint filed in the State Court Action is attached hereto as Exhibit A.

3.  Neither of the BlackBerry Defendants has been served with the civil cover sheet and complaint. Moreover, no summons has been issued. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999) ("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons.").

4.  Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the State Court Action is currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which is located within the geographical boundaries of the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 89.

5.  In accordance with 28 U.S.C. § 1446(d), the BlackBerry Defendants have contemporaneously filed a Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. A copy of the BlackBerry Defendants' Notice to State Court of Removal to Federal Court is attached as Exhibit B. A copy of this Notice of Removal is also being contemporaneously served upon Plaintiff's counsel.

## II.    GROUNDS FOR REMOVAL

**A.    Diversity Jurisdiction Exists Pursuant to 28 U.S.C § 1332(a)**

6.  Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.  This Court has original diversity jurisdiction in this action, as the matter in controversy exceeds $75,000, and complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

      **i.**      **The amount in controversy exceeds $75,000**

      8.      The complaint alleges that Plaintiff seeks damages in excess of the $15,000 jurisdictional limit for the Florida Circuit Court. (Compl. ¶ 2). In addition, Plaintiff's purported statutory claims in the complaint far exceed the $75,000 amount in controversy requirement. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)); *see also Gavronsky v. Walgreen Co.*, No.3:09-cv-1167-J-12TEM, 2010 U.S. Dist. LEXIS 24008 (M.D. Fla. Feb. 25, 2010) (amount in controversy satisfied by defendant providing calculation of plaintiff's claim to specific statutory damages); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) (notwithstanding that complaint did not quantify the damages sought by plaintiffs, the jurisdictional threshold was met in accordance with the application of the New Jersey Punitive Damages Act).

      9.      Plaintiff has brought this action seeking damages pursuant to the Act, which provides in relevant part: "In an action for damages brought by a purchaser of a security or investment, the plaintiff shall recover an amount equal to the difference between . . . [t]he consideration paid for the security or investment . . . and [t]he value of the security or investment at the time it was disposed of by the plaintiff." Fla. Stat. § 517.211(4).

      10.      Plaintiff alleges that he purchased 280,000 shares of BlackBerry Limited stock for $3,148,317.36 (Compl. ¶ 65), and later sold all of his shares of stock at a loss of $863,396.01 (Compl. ¶ 70). Plaintiff seeks to recover the statutory damages available under the Act. (Compl. ¶¶ 92, 96).

11. If Plaintiff prevails, Plaintiff could potentially recover damages of $863,396.01 – the difference between the alleged purchase price and sale price of the Plaintiff's stock.

### ii. Complete diversity of citizenship exists between the parties.

12. Complete diversity of citizenship exists between the parties. Plaintiff is a citizen of the United States and the State of Florida. All of the Defendants are either: (i) citizens of states in the United States other than the State of Florida; or (ii) citizens of foreign countries.

13. Plaintiff is a citizen of Florida. In the complaint, Plaintiff alleges that he is a resident of Palm Beach County, Florida. (*See* Compl. ¶ 12). Citizenship of natural persons is equivalent to their "domicile" for purposes of diversity jurisdiction. *See Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *8 (S.D. Fla. June 1, 2009). "It is well established that a party's residence is *prima facie* evidence of a party's domicile." *Id.*

14. Defendant BlackBerry Limited was at the time of filing the complaint and is a Canadian corporation organized and existing under the laws of the province of Ontario, Canada, with its principal place of business located at 2200 University Avenue East, Waterloo, Ontario, Canada N2K 0A7.

15. Defendant BlackBerry Corporation was at the time of filing the complaint and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5000 Riverside Drive, Irving, Texas 75039.

16. Defendant Fairfax Financial Holdings Limited was at the time of filing the complaint and is a Canadian corporation organized and existing under the federal laws of Canada, with its principal place of business located at 95 Wellington Street West, Suite 800, Toronto, Ontario, Canada M5J 2N7.

17. Defendant Thorsten Heins was at the time of filing the complaint and is a citizen of Germany and Canada and a resident of Waterloo, Ontario, Canada.

18. Defendant Brian Bidulka was at the time of filing the complaint and is a citizen of Canada and a resident of Burlington, Ontario, Canada.

19. Defendant Barbara Stymiest was at the time of filing the complaint and is a citizen of Canada and a resident of Toronto, Ontario, Canada.

20. Defendant Prem Watsa was at the time of filing the complaint and is a citizen of Canada and a resident of Toronto, Ontario, Canada.

**B.     The BlackBerry Defendants Have Satisfied All Other Removal Requirements**

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly served must either consent to or join in the Notice of Removal.  28 U.S.C. § 1446(b)(2)(A).

22. None of the Defendants has been served with the summons and complaint. Accordingly, the BlackBerry Defendants are not required to obtain consent from any other defendants to effectuate timely and proper removal.  *See Johnson v. Wellborn, P.A.,* 418 F. App'x 809, 815 (11th Cir. 2011) (citing *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1208 (11th Cir. 2008)).

23. By filing this Notice of Removal, Defendants BlackBerry Limited and BlackBerry Corporation expressly reserve and do not waive any rights, remedies, or defenses.

WHEREFORE, the BlackBerry Defendants respectfully request that the above-captioned action now pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to the United States District Court for the Southern District of Florida, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be just and necessary under the circumstances.

        Respectfully submitted,

        *s/ R. Eric Bilik*
        R. Eric Bilik (Florida Bar No. 0987840)
        ebilik@mcguirewoods.com
        Priyanka Ghosh-Murthy (Florida Bar No. 0085913)
        pghosh-murthy@mcguirewoods.com
        Emily Y. Rottmann (Florida Bar No. 93154)
        erottmann@mcguirewoods.com
        M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP
        50 North Laura Street, Suite 3300
        Jacksonville, FL  32202
        Telephone:  (904) 798-3200
        Facsimile:  (904) 798-3207

        *Attorneys for Defendants BlackBerry Limited and BlackBerry Corporation*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 20, 2013, I served a copy of the foregoing by Electronic Mail and by Federal Express to the following:

Jeffrey M. Siskind, Esq.
Trump Plaza Office Center
525 South Flagler Drive, Suite 500
West Palm Beach, FL 33401
(561) 832-7720
(561) 832-7668 (fax)
jeffsiskind@msn.com
siskindlegal@gmail.com

*Attorneys for Plaintiff Greg Georgas*

        *s/ R. Eric Bilik*
        R. Eric Bilik

52470280_4